IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KASONIA L. CARTER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO: 4:15-CV-00366-O |
| | § | |
| BURLINGTON NORTHERN SANTA FE, LLC, | § | |
| fka BURLINGTON NORTHERN SANTA FE | § | |
| CORPORATION aka BURLINGTON | § | |
| NORTHERN SANTA FE RAILWAY | § | |
| aka BNSF, | § | |
| | § | |
| *Defendants.* | § | *DEMAND FOR JURY TRIAL* |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SHOW CAUSE HEARING, CONTEMPT AND SANCTIONS FOR
SPOLIATION OF EVIDENCE AND PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff files this Response to Defendant's Motion for Show Cause Hearing,

Contempt and Sanctions for Spoliation of Evidence and Plaintiff's Motion for Sanctions

and respectfully shows the following:

**I. PLAINTIFF'S RESPONSE**

***Plaintiff fully complied with the Order dated December 16, 2015.***

101.    The Order (Dkt. #41) dated December 16, 2015 states:

"…that (1) Plaintiff immediately turn over the Manilla folder and its contents
in her possession to the court reporter;…"

102.    When Plaintiff was provided a copy of said Order (Dkt. #41), Plaintiff immediately

turned over the Manilla folder and its contents in her possession to the court reporter,

where the court reporter documented this event within the deposition transcript of my

deposition taken on December 16, 2015.  As such Plaintiff fully complied with said Order

(Dkt. #41).

---

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SHOW CAUSE HEARING, CONTEMPT AND SANCTIONS FOR
SPOLIATION OF EVIDENCE AND PLAINTIFF'S MOTION FOR SANCTIONS    1

103.   Russell D. Cawyer counsel for Defendant (hereinafter referred to as "CAWYER") in Defendants Motion for Show Cause Hearing, Contempt and Sanctions for Spoliation of Evidence (Dkt. #43) attempts to require Plaintiff to submit to his wishes rather than focus on the exact wording within the Order (Dkt. #41).

***Plaintiff is not in any type of contempt.***

104.   It is undisputed that Plaintiff once supplied with a copy of the Order (Dkt. #41) immediately turned over the Manilla folder and its contents in her possession to the court reporter.  Therefore Plaintiff fully complied with the Order (Dkt. #41).  Since Plaintiff fully complied with the Order (Dkt. #41), Plaintiff is not in any type of contempt for failing to comply as Defendant asserts in its Motion for Show Cause Hearing, Contempt and Sanctions for Spoliation of Evidence (Dkt. #43).

***Plaintiff did not commit any Spoliation of Evidence.***

105.   Plaintiff turned over the Manilla folder and its contents in her possession to the court reporter, in doing so Plaintiff did not destroy or materially alter any evidence.

***Defendant has not met its burden of proof concerning Spoliation.***

106.   Defendant seeking spoliation sanction bears the burden of proof.  Defendant has not satisfied the elements of spoliation in the Fifth Circuit of: (1) a duty to preserve the information; (2) a culpable breach of that duty; and (3) resulting prejudice to the innocent party.

107.   Defendant further has failed to establish that: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find

that it would support that claim or defense."

108.   Defendant has not specifically detailed what, if any, evidence which should have been preserved.

109.   Defendant has not specifically detailed when, where and how the alleged evidence was destroyed.

110.   Defendant has not specifically detailed the relevance to Defendants defense of the alleged evidence.

112.   Defendant has not specifically detailed how the alleged evidence prejudiced Defendant.

***A spoliation instruction to the jury is not warranted.***

113.   This case concerns disparate-treatment discrimination (based on race) and wrongful termination based on race.   Rather than focus on these items, Defendant continues with its tactic to focus on other non-relevant items.   This conduct of Defendant only unnecessarily delays matters all the while increasing the cost of this litigation.

114.   Since spoliation did not occur, a spoliation instruction to the jury is not warranted.

***Sanctions against Plaintiff are not justified.***

115.   Plaintiff complied with the Order (Dkt. #41), did not spoliate any documents and did not participate in any conduct that would be considered sanctionable; as such sanctions are not justified.

***Plaintiff's Affidavit.***

116.   Exhibit "A" attached hereto is Plaintiff's Affidavit in support of Plaintiff's Response and Plaintiff's Motion for Sanctions.

## II. CONCLUSION

201.   For all the reasons outlined herein Plaintiff respectfully requests that Defendant's Motion for Show Cause Hearing, Contempt and Sanctions for Spoliation of Evidence be denied and that the Court, grant Plaintiff such further relief as this Court deems just either in law or equity.

## III. PLAINTIFF'S AVAILABILITY FOR HEARING

301.   Plaintiff is available on December 29, 30 and 31, 2015 and January 7, 11, 14, and 15, 2016.

## *PLAINTIFF'S MOTION FOR SANCTIONS*

401.   Plaintiff moves this Court for sanctions against Russell D. Cawyer in an amount not less than $10,000.00 pursuant to Fed. R. Civ. P. 30(d)(2), 28 U.S.C. §1927 and the inherent power of the Court.  This motion is based upon the Affidavit of Kasonia Carter attached hereto as Exhibit "A" and the following:

**Attorney Russell D. Cawyer misconduct.**

402.   On December 16, 2015, Plaintiff was deposed by the attorney for BNSF, named Russell D. Cawyer with Plaintiff's attorney Hiram McBeth present at Mr. Cawyer's office.

403.   On December 16, 2015, before the deposition began and before Plaintiff could sit down Plaintiff was rearranging the contents of her purse and Mr. Cawyer stormed into the deposition room and spoke to Plaintiff in a loud, belligerent and threatening tone, which startled Plaintiff.

404.   Mr. Cawyer demanded in a loud voice to know what Plaintiff had in her purse and in her personal possession that related to the case.  Plaintiff told Mr. Cawyer she had nothing but her recipes list and her copy of the complaint. Mr. Cawyer continued to

demand that she open her purse to him, when Mr. McBeth, interrupted him and spoke up to defend Plaintiff from Mr. Cawyer's further outbursts.

405.   Then Mr. Cawyer repeated to demand in a menacing tone that Plaintiff turn over the contents to him of a manila folder which contained a thirty something pages of paper which were in Plaintiff's possessions.   Which were the pages of Plaintiffs' complaint which Plaintiff was told she could bring to the deposition, by Mr. McBeth just in case Plaintiff needed to refresh her memory.

406.   Continuing throughout the deposition and breaks the conduct of Mr. Cawyer, was appalling, disrespectful, unprofessional and discourteous toward both Plaintiff and Mr. McBeth.

407.   Throughout the deposition and breaks Mr. Cawyer, repeatedly and flagrantly was insulting to Plaintiff, demeaning my competence, implying that Plaintiff was dishonest and making snide comments.

408.   During the deposition and breaks Mr. Cawyer attacked the integrity of both Plaintiff and Mr. McBeth.

409.   As the deposition and breaks proceeded Plaintiff said she felt sexually harassed especially when Mr. Cawyer continued to reference her purse and demanded that she empty the contents of her purse on the table for Mr. Cawyer to inspect.   When Plaintiff refused Mr. Cawyer became furious.

410.   Plaintiff said she felt Mr. Cawyer was invading her privacy when he demanded to know what items where in Plaintiffs purse.

411.   At the end of the deposition and as Plaintiff and Mr. McBeth headed for the elevators the Mr. Cawyer, bolted from the deposition room and accused Plaintiff and Mr.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SHOW CAUSE HEARING, CONTEMPT AND SANCTIONS FOR
SPOLIATION OF EVIDENCE AND PLAINTIFF'S MOTION FOR SANCTIONS   5**

McBeth, of stealing deposition documents (Deposition Exhibit #13 or #19) from the deposition room, which accusations were totally untrue and unfounded.

412.   Although Plaintiff and Mr. McBeth came back into Mr. Cawyer's office and told him they had not stolen any documents from the deposition room, Mr. McBeth, opened his briefcase and went through the contents of his briefcase to show no stolen documents and Plaintiff did the same again looking into her bag. This was done to prove to Mr. Cawyer neither the Plaintiff, or Mr. McBeth had stolen any documents from the deposition room as Mr. Cawyer implied and accused Plaintiff and Mr. McBeth of.  Mr. Cawyer still pretended to be dissatisfied, until someone from the deposition room shouted "never mind".

413.   On December 16, 2015, during the afternoon of the deposition, Mr. Cawyer presented an Order (Dkt. #41) issued by the Court for Plaintiff to turn over her manila folder and its contents to the Court Reporter which she did in compliance with the Court's Order.  Shortly after Plaintiff turned over her manila folder to the Court Reporter, Mr. Cawyer accused Plaintiff and Mr. McBeth of removing items from her manila folder: which accusation was totally untrue and unfounded.

### *This Court has Ample Power to Impose Sanctions.*

414.   Fed. R. Civ. P. 30(d)(2), 28 U.S.C. 1927 and the Court's inherent power fully empower this Court to sanction attorney deposition misconduct. *Williams v. Rockwell Intern. Corp.*, Nos. 96-55339, 96-56317, 1997 WL 306456, at *3 (9th Cir. June 5, 1997) (affirming sanctions for deposition misconduct under all three); *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (court may use its inherent power to impose sanctions for discovery abuses).   "[A] district court has the inherent power to impose

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SHOW CAUSE HEARING, CONTEMPT AND SANCTIONS FOR
SPOLIATION OF EVIDENCE AND PLAINTIFF'S MOTION FOR SANCTIONS   6**

sanctions on counsel who willfully abuses judicial processes." *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). Under inherent power "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "These powers are governed not by rule or statute but by the control necessarily vested in Courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

415.    Similarly, § 1927 admonishes that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. "The imposition of sanctions under section 1927 requires a finding that counsel acted recklessly or in bad faith, while those imposed under the court's inherent power require a finding that counsel's conduct constituted or was tantamount to bad faith." *Blodgett*, 709 F.2d at 610.

416.    Rule 30(d)(2) specifically addresses misconduct during depositions: "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." (Emphasis added). Unlike sanctions levied under the court's inherent power or section 1927 authority, a heightened finding of recklessness or bad faith is not required to impose Rule 30(d)(2) sanctions.

417.    In deciding whether to impose sanctions, the court may "properly consider all of a party's discovery misconduct," not just the misconduct upon which the motion to impose sanctions is based. *Tacori Enterprises v. Beverlly Jewellery Co. Ltd.*, 253 F.R.D. 577, 582 (C.D. Cal. 2008).

418.    Viewed as a whole, the conduct of Mr. Cawyer was extremely unprofessional and discourteous.  Such deliberate abuses displayed by Mr. Cawyer during the deposition and breaks cannot go unsanctioned as they are destructive of the pretrial discovery process. *See:  Freeman v. Schointuck*, 192 F.R.D. 187 (U.S. Dist. MD (2000).

419.    The conduct of Mr. Cawyer was offensive and intimidating and is the type of deplorable conduct warranting the imposition of sanctions through the inherent power of the Court.  *See: Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997).

420.    Other Courts have held that counsel's misconduct was in bad faith and rose to the level appropriate for sanctions under 28 U.S.C. §1928.  *See: Unique Concepts, Inc. v Brown*,115 F.R.D. 292 (U.S. Dist. So Dist. New York (1987).

421.    In *Freeman v. Schointuck, supra*, the Court imposed sanctions on counsel who during a deposition was "repeatedly and flagrantly" insulting to counsel, as well as "demeaning the professional competence of the deponent."  See also *Armstrong v. Hussmann Corp.*, 163 F.R.D. 299, 303 (E.D. Mo. 1995)(imposing sanctions and restrictions on deposition based on attorney misconduct).

## V. PRAYER

501.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court not allow Mr. Cawyer to get away with misconduct and to continue to impede the progress of this litigation and sanctions of Mr. Cawyer of at least $10,000.00 are in order along with

granting Plaintiff any and other relief this Court deems just either in equity or law.

Respectfully submitted, this 23rd day of December, 2015, by:

**/s/ Hiram McBeth**
Hiram McBeth, Esq.
Texas State Bar No.:  13329500
MCBETH LAW OFFICE
6060 North Central Expressway, Ste. #560
Dallas, Texas 75206
Telephone:  972-498-8702
Facsimile:  972-680-4411
Email: mcbethlawoffice@yahoo.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify on December 16, 2015, a conference was held with Rusell D. Cawyer, Esq. lead counsel for Defendant who indicated he did opposed Plaintiff's Motion for Sanctions.

**/s/ Hiram McBeth**
Hiram McBeth, Esq.
Texas State Bar No.:  13329500
MCBETH LAW OFFICE
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

**/s/ Hiram McBeth**
Hiram McBeth, Esq.
Texas State Bar No.:  13329500
MCBETH LAW OFFICE
6060 North Central Expressway, Ste. #560
Dallas, Texas 75206
Telephone:  972-498-8702
Facsimile:  972-680-4411
Email: mcbethlawoffice@yahoo.com
**ATTORNEYS FOR PLAINTIFF**