IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KASONIA L. CARTER,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | |
| § | **CIVIL ACTION NO.** | |
| **BURLINGTON NORTHERN SANTA** § | **4:15-CV-00366-O** | |
| **FE, LLC, F/K/A BURLINGTON** § | | |
| **NORTHERN SANTA FE** § | | |
| **CORPORATION A/K/A** § | | |
| **BURLINGTON NORTHERN SANTA** § | | |
| **FE RAILWAY A/K/A BNSF,** § | | |
| § | | |
| **Defendant.** § | **DEMAND FOR JURY TRIAL** | |

**BNSF'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SHOW CAUSE HEARING, CONTEMPT AND SANCTIONS FOR SPOLIATION OF EVIDENCE**

BNSF Railway Company ("BNSF") files this Reply to Plaintiff's Response to Defendant's Motion for Show Cause Hearing, Contempt and Sanctions for Spoliation of Evidence, Clerk's Dkt No. 46, and respectfully shows the following:[1]

**I.   INTRODUCTION**

Plaintiff says BNSF's Motion for Show Cause Hearing, Contempt and Sanctions ("Motion") should be denied because she complied with the Court's Order to turn over the manila file when presented with a copy of the Order. Clerk's Dkt No. 46, ¶¶ 102-104. This overly simplistic view of BNSF's Motion and the Court's Order ignores that Plaintiff's conduct warranting sanctions prior to the issuance of the Court's Order and that the misconduct at issue undermines and frustrates the Court's ability to evaluate the full extent of Plaintiff's spoliation of evidence. Plaintiff's sole defense to BNSF's Motion is that no notes ever existed. Plaintiff's contention is completely lacking in credibility and, indeed, is false.

---

[1] BNSF will timely file a separate response to Plaintiff's Motion for Sanctions.

## II. BURDEN OF PROOF TO ESTABLISH SPOLIATION.

To establish a right to an adverse inference or spoliation instruction, BNSF need only establish that Carter destroyed potential evidence in bad faith. *King v. Illinois Cent. R.R.* 337 F.3d 550, 556 (5th Cir. 2003). Bad faith exists when a party has a duty to preserve evidence and intentionally fails to do so. *In re Actos (Pioglitazone) Products Liab. Litig.*, 6:11-MD-2299, 2014 WL 2872299, at *15 (W.D. La. June 23, 2014) (A party should be sanctioned for destroying evidence it had a duty to preserve).[2] Under this standard, the evidence establishes that Plaintiff intentionally destroyed relevant evidence.

## III. BNSF'S EVIDENCE ESTABLISHES THAT THE FOLDER CONTAINED DISCOVERABLE EVIDENCE THAT PLAINTIFF WAS OBLIGATED TO PRESERVE.

Immediately prior to the start of the deposition, Plaintiff was studying numerous pages of handwritten notes. [App. 1, ¶ 3 (Affidavit of Gaylord Sturgess)]. Clerk's Dkt No. 44, at 3 ¶ 3. The notes Plaintiff was studying were contained in a manila folder that was titled "K. Carter v. BNSF" and appeared to include numerous pages of documents. Clerk's Dkt No. 44, at 15. The folder also had her EEOC deadlines written on the front. In addition to the disputed existence of the notes and possibly other documents, Plaintiff represents that the "K. Carter v. BNSF" file contained a copy of her Complaint and a BNSF Performance Management document.[3] Under these facts, and considering that Plaintiff refused to allow inspection of the contents of the file folder, answer non-privileged questions about the notes or other contents of the folder, or state

---

[2]   BNSF is not required to establish how Plaintiff destroyed the evidence or what the evidence shows. This is particularly true in a case such as this when Plaintiff obstructed Defendant's efforts to learn information about the content and identifying information about the notes and other folder contents.

[3]   BNSF disputes that the Complaint was in the folder.

the number of pages of documents in the folder for later Court review, sufficient evidence exists to establish that the notes and other folder contents are evidence relevant to the case.[4]

Plaintiff had at least four independent obligations to preserve the notes she was studying immediately prior to the commencement of her deposition. First, given that she had asserted claims in this case, she has an obligation to preserve evidence reasonably likely to lead to the discovery of admissible evidence. Handwritten notes a party is studying immediately prior to the commencement of her deposition and in a file folder titled with the style of the case are reasonably likely to contain discoverable information. Second, documents reviewed in preparation for one's deposition are discoverable. Third, BNSF served requests for production of all notes, journals and records related to her employment or the claims in this lawsuit made at any time from 2008 to present. Clerk's Dkt No. 18, at 14 (Requests 5 & 6). Plaintiff made no timely objections to these requests for production. Fourth, Plaintiff had the express obligation to preserve the manila folder with its handwritten notes and any other contents in the exact form as it existed prior to the commencement of the deposition as directed by BNSF on the record. Clerk's Dkt No. 44, at 11-12. Clearly, Plaintiff was obligated to preserve the notes and other contents of her file folder.

## IV.   BNSF'S EVIDENCE ESTABLISHES THAT PLAINTIFF SPOLIATED AND FAILED TO PRODUCE EVIDENCE.

BNSF also established that Plaintiff destroyed, secreted or otherwise failed to produce that relevant evidence (i.e., the notes and other contents of the file folder) in response to the Court's order. Clerk's Dkt No. 44, at 3 ¶ 3.

Plaintiff put the manila folder, including the notes and other contents, in or on her black canvas bag immediately before the deposition commenced. Clerk's Dkt No. 44, at 3 ¶ 3. The

---

[4]   Counsel's instruction to Plaintiff not to answer questions about the notes was improper.

parties took two breaks in the deposition before Plaintiff was ordered to turn over the manila folder containing the notes. On both occasions, Plaintiff took the black canvas bag with the notes with her when she left the conference room where the deposition was being taken. Clerk's Dkt No. 44, at 5 ¶ 7. However, when she turned over the manila folder to the court reporter, the folder contained only a single sheet of paper. The notes and other file contents were missing. [App. 2, ¶ 4]. Clerk's Dkt No. 42. Plaintiff has identified no other person who had possession of the folder during the relevant time other than her lawyer and herself. Under these facts, the failure to produce can only be construed as intentional spoliation of evidence, and therefore is in bad faith. Because BNSF has established that Plaintiff intentionally destroyed relevant evidence, its Motion should be granted.

## V.    **CONCLUSION**

BNSF requests that the Court hold Plaintiff and her counsel in contempt of Court and levy the appropriate penalties, including but not limited to, an adverse inference or spoliation instruction. BNSF also prays for attorneys' fees and costs[5] that it incurred in the preparation and prosecution of this Motion. Defendant requests such further and additional relief to which it is justly entitled, whether at law or in equity.

---

[5] BNSF requests fourteen (14) days to provide evidence of its attorney's fees and costs following the Court's ruling on this Motion.

Respectfully submitted,

*/s/ Russell D. Cawyer*
Russell D. Cawyer
State Bar No. 00793482
Paige P. Biggs
State Bar No. 24037810
**KELLY, HART & HALLMAN, LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 878-3558
(817) 878-9280 (Fax)
Russell.cawyer@kellyhart.com
Paige.biggs@kellyhart.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

On January 6, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

*/s/ Russell D. Cawyer*
Russell D. Cawyer