UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KASONIA L. CARTER, | § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Civil Action No. 4:15-CV-00366 |
| BURLINGTON NORTHERN SANTA FE, LLC, F/K/A BURLINGTON NORTHERN SANTA FE CORPORATION A/K/A. BURLINGTON NORTHERN SANTA FE RAILWAY A/K/A BNSF, DEFENDANT | § § § § § § | *JURY TRIAL DEMANDED* |

**PLAINTIFF'S SUMMARY OF HEARING EVIDENCE AND TESTIMONY IN RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR SHOW CAUSE HEARING, CONTEMPT AND SANCTIONS FOR SPOLIATION OF EVIDENCE AND MOTION TO THE COURT FOR DENIAL OF DEFENDANT'S MOTION FOR CONTEMPT AND SANCTIONS FOR SPOLIATION OF EVIDENCE**

Plaintiff Kasonia L. Carter ('Plaintiff" or "Carter") hereby submits this Summary of show cause testimony taken at the show cause hearing conducted on 14 January 2016 in response and in opposition to show cause testimony at said hearing in Response to Defendant Burlington Northern Santa Fe, et. als ("BNSF" or "Defendant") Motion for Show Cause Hearing, Contempt and Sanctions for Spoliation of Evidence and Brief in Support ("Motion") filed 18 December 2015.

Defendant, despite its Motion and testimony, has failed to assert even the most essential elements of duty to preserve and subsequent violation, breach of that duty and resulting prejudice to Defendant's case such that it claims that either the Plaintiff and/or her Attorney of Record, Hiram McBeth, (a thirty (30) year practicing Attorney in the State of Texas and in this the Northern District of Texas) have committed spoliation of evidence

or engaged in any sanctionable conduct. Mere conclusory assertions and formulaic recitations of the various elements of the Defendant's claims of spoliation of evidence or sanctionable conduct do not suffice when the Defendant, despite the testimony of Carolyn Ritchie, (Attorney for Defendant BNSF) and Gaylord Sturgis (a Court Reporter hired and paid for by the Defendant BNSF) , does not suffice to establish either spoliation or sanctionable conduct when neither Ms. Ritchie, Mr. Surgis nor the complaining Attorney Russell D. Cawyer (the paid Attorney of Record for the Defendant, BNSF) could point to a duty or obligation which was violated by either Kasonia L. Carter or her Attorney, Hiram McBeth, committed either before , on or after  16 December 2015 in support of Defendant's claim(s) of spoliation or sanctionable conduct. No such responsibility existed or sanctionable conduct was committed by the Plaintiff or her Attorney to support spoliation or sanctions and, thus, fails to state or establish a claim.

Defendant contends that the Court should overlook such glaring deficiencies in its Motion for Sanctions and Spoliation and proceed against the Plaintiff and her Attorney in the absence of factual evidence, established in testimony in open Court or otherwise established in Defendants Motions for Spoliation and Contempt against the Plaintiff and her Attorney. However in addition to the Defendant's factual pleading deficiencies, the Defendant has failed and cannot and has not plead or established any legal duty which was not complied with by the Plaintiff or her Attorney in connection with the Defendant's assertions of either spoliation of evidence or sanctionable conduct. In summary, the Plaintiff shows the following:

(i) **PLAINTIFF AND HER ATTORNEY COMPLIED WITH THE ORDER**

**DATED16DECEMBER 2015 AS ORDERED BY THE COURT IN RESPONSE TODEFENDANT'S EMERGENCY MOTION (DOCKET #41) GRANTING DEFENDANT'S EMERGENCY MOTION TO PRESERVE DOCUMENTS WHEN THE PLAINTIFF TURNED OVER THE MANILA FOLDER AND ITS CONTENTS (A COPY OF THE PLAINTIFF'S COPY OF THE ORIGINAL COMPLAINT FILED 12 MAY 2015 IN CIVIL ACTION NO: 4:15-CV-00366 AND A ONE-PAGE DOCUMENT WHICH WAS A FORM DOCUMENT AND CONTAINING A HAND-WRITTEN GROCERY LIST BELONGING TO THE PLAINTIFF, KASONIA L. CARTER, ON THE REVERSE SIDE OF THE ONE-PAGE DOCUMENT , SUBMITTED ACCORDING TO COURT ORDER ON 16 DECEMBER 2015, AS ORDERED AND SUPPLIED TO THE COURT REPORTER AND COUNSEL FOR THE DEFENDANT,BNSF, BY THE PLAINTIFF AND HER ATTORNEY OF RECORD.**

Plaintiff fully complied with the Order date December 16, 2015.  Said Order was accepted by the Defendant and the Court Reporter.  Defendant, at the Show Cause Hearing on 14 January 2016, provided no controverting evidence to this fact.  Neither Witness Sturgis nor Ritchie nor Cawyer provided any controverting contrary evidence. The Manila Folder and its contents as described have been provided to the Court for in camera inspection by this Honorable Judge and submitted as Government Exhibit #1 in open court of 14 January 2016.

**(ii) NO DOCUMENTED EVIDENCE SUBMITTED TO THE COURT OR ESTABLISHED THROUGH SWORN TESTIMONY PROVIDING OR SUPPORTING THE EXISTENCE OF SPOLIATED DOCUMENTS OR EVIDENCE  PROVEN TO HAVE EXISTED IN THE**

**PAST OR PRESENT ESTABLISHED RELEVANT INFORMATION THAT WAS SECRETED, DESTROYED OR OTHERWISE SPOLIATED BY THE PLAINTIFF OR HER ATTORNEY WAS PRESENTED DURING TESTIMONY AT THE SHOW CAUSE HEARING ON 14 JANUARY 2016.**

Witness testimony from **Carolyn Ritchie** neither established nor substantiated the existence of any relevant evidence which was spoliated or secreted from the Defendant nor did her testimony establish sanctionable conduct by the Plaintiff or her Attorney;Witness testimony from **Gaylord Sturgis** neither established, supported nor substantiated the existence of any relevant evidence which was spoliated or secreted from the Defendant nor did his testimony establish sanctionable conduct or conduct worthy of contempt committed by the Plaintiff or her Attorney; Witness testimony from **Russell Cawyer** neither established, supported nor substantiated the existence of any relevant evidence which was spoliated, attempted to be spoliated or secreted from the Defendant nor did his testimony establish sanctionable conduct nor conduct worthy of contempt by Plaintiff or her Attorney; and. Witness testimony from neither Attorney **Hiram McBeth n**or his client, Plaintiff **Kasonia Carter ,** established nor supported the existence of any relevant evidence which was spoliated, attempted to be spoliated or secreted from the Defendant nor did their testimony establish sanctionable conduct or conduct worthy of contempt by the Plaintiff or her Attorney, Hiram McBeth. Plaintiff and her Attorney further submit that they should not be subject to contempt, and/or sanctions for spoliation based on the facts and sworn testimony received by the Court in this case.

**CONCLUSION**

Accordingly, Plaintiff Kasonia Carter and her Attorney, Hiram McBeth, respectfully requests that the Court, based on the foregoing summary of evidence and lack of identifiable, reliable and relevant evidence established as fact through sworn testimony as set forth at the hearing of 14 January 2016 and based upon any other assertion or Motion deny Defendant's Motion for Contempt, Sanctions and for Spoliation of Evidence against Plaintiff and her Attorney, Hiram McBeth, and grant the Plaintiff and her Attorney all further relief to which it is entitled

Dated this 18th day of January 2016.

> Respectfully submitted,
> /s/Hiram McBeth
> Hiram McBeth, Esq.
> SBT# 13329500
> 6060 North Central Expressway
> Suite # 560
> Dallas, Texas  75206
> Tel:  (972) 498-8872
> Fax:  (972) 680-4411
> ***Attorney for Plaintiff***

**CERTIFICATE OF SERVICE**

On January 18, 2016, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas using the electronic case filing system for the Court.  I hereby certify that I have serves all Counsel of Record and/or electronically or by another means or manner authorized the Federal Rules of Civil Procedure 5(b) (2).

 */S/HIRAM MCBETH*
Hiram McBeth, Esq.
***Attorney for Plaintiff***